BADIAK & WILL, LLP
Attorneys for Plaintiff
106 3rd Street
Mineola, New York  11501
(516) 877-2225
Our Ref. : 07-A-009-JK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

GREAT AMERICAN INSURANCE COMPANY a/s/o
Sunopta Sunflower,

                    Plaintiff,

- against -

LIBERTY CONTAINER LINE, INC., and A.P.
MOLLER-MAERSK A/S trading as Maersk Sealand,

                    Defendants.

---------------------------------------------------------------x

ECF CASE

08 Civ. 2947 (DLC)

COMPLAINT

       Plaintiff, GREAT AMERICAN INSURANCE COMPANY, by their attorneys, Badiak &Will, LLP, as and for their Complaint herein against the defendant, alleges upon information and belief as follows:

       1.  All and singular the following premises are true and constitute an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

       2.     Plaintiff, GREAT AMERICAN INSURANCE COMPANY (hereinafter referred to as "Great American"), is and was at all times hereinafter mentioned a corporation organized and existing under and by virtue of the laws of one of the states of the United States and

provided all-risk cargo insurance for the subject shipments hereinafter described, and maintained an office and place of business at 65 Broadway, 20th Floor, New York, New York, 10006.

3. Plaintiff Great American has paid the consignee and owner of the shipment mentioned hereinafter pursuant to a marine cargo insurance policy herein before described and brings this action on its own behalf and as agent and trustee on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action. The shipper and consignee hereinafter mentioned have performed all conditions required on their part to be performed with respect to the subject shipment.

4. Defendant, LIBERTY CONTAINER LINE, INC., (hereinafter "LIBERTY"), is and was a corporation organized and existing under and by virtue of the laws of one of the states of the united states with an office and place of business c/o Globerunners, Inc., at 600 Inwood Avenue, Suite 160, Oakdale, MN 55128, and is and was at all times hereinafter mentioned, a common carrier by water for hire and owned, chartered, managed and/or otherwise controlled or contracted to use the M.V. MAERSK MARYLAND as a general vessel engaged in the common carriage of merchandise by water for hire between, among others, the ports of Newport News, VA, and Ashdod, Israel.

5. Defendant, A.P. Moller-Maersk A/S trading as Maersk Sealand, (hereinafter "Maersk"), is and was a corporation organized and existing under and by virtue of the laws of a foreign state with an office and place of business c/o Maersk, Inc., Giralda Farms, Madison Avenue, Madison, New Jersey 07940, and is and was at all times hereinafter mentioned, a common

by water for hire and owned, chartered, managed and/or otherwise controlled or contracted to use the M.V. MAERSK MARYLAND as a general vessel engaged in the common carriage of merchandise by water for hire between, among others, the ports of Newport News, VA, and Ashdod, Israel.

## AS AND FOR ITS FIRST CAUSE OF ACTION

6. On or before March 14, 2007, there was shipped by Sunopta Sunflower, as shipper, and delivered to Liberty and the M.V. MAERSK MARYLAND, at Newport News, VA, having been previously received by Liberty for pre-carriage at Breckenbridge, MN, as common carriers, a shipment consisting of Seven Hundred and Twenty (720) bags of sunflower kernals, in container PONU0225363, said cargo then being in good order and condition, and defendant Liberty then and there accepted the said shipment so shipped and delivered to them and, in consideration of certain freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipment to the Port of Ashdod, Israel, and there deliver same in like good order and condition as when shipped, delivered to and received by them, to Sharon Puratos Ltd., the consignee, all in accordance with a bill of lading issued by or on behalf of the aforementioned vessel and defendant Liberty numbered LIB045921-01, dated on or about March 14, 2007.

7. Thereafter the defendant Liberty failed to deliver the aforementioned shipment in like good order, condition or quantity as when shipped, delivered to and received by them but, to the contrary, the shipment was seriously damaged in transit and impaired in value, and destroyed

without delivering said shipment to the consignee, all in violation of the defendant Liberty's obligations and duties as a common carrier of merchandise by water for hire.

8. By reason of the foregoing premises, plaintiff has sustained damage, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $21,150.00.

## AS AND FOR ITS SECOND CAUSE OF ACTION

9. Plaintiff repeats and re-alleges herein the allegations contained in paragraphs numbered "1." through "8.", inclusive, as if set forth fully at length herein.

10. On or before March 14, 2007, there was shipped by Sunopta Sunflower, as shipper, and delivered to Maersk and the M.V. MAERSK MARYLAND, at Newport News, VA, having been previously received by Liberty for pre-carriage at Breckenbridge, MN, as common carriers, a shipment consisting of Seven Hundred and Twenty (720) bags of sunflower kernals, in container PONU0225363, said cargo then being in good order and condition, and defendant Liberty then and there accepted the said shipment so shipped and delivered to them and, in consideration of certain freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipment to the Port of Ashdod, Israel, and there deliver same in like good order and condition as when shipped, delivered to and received by them, to Sharon Puratos Ltd., the consignee, all in accordance with a bill of lading issued by or on behalf of the aforementioned vessel and defendant Maersk numbered MAEU512328307, dated on or about March 14, 2007.

11. Thereafter the defendant Maersk failed to deliver the aforementioned shipment in like good order, condition or quantity as when shipped, delivered to and received by them but, to the contrary, the shipment was seriously damaged in transit and impaired in value, and destroyed without delivering said shipment to the consignee, all in violation of the defendant Maersk's obligations and duties as a common carrier of merchandise by water for hire.

12. By reason of the foregoing premises, plaintiff has sustained damage, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $21,150.00.

WHEREFORE, plaintiff prays:

1. That process in due form of law may issue against defendants citing them to appear and answer all and singular the matters aforesaid;

2. That if defendants cannot be found within this District then all of their property within this District be attached in the sum of $21,150.00, with interest thereon and costs, the sum sued for in this Complaint;

3. That judgment may be entered in favor of plaintiff against defendants Liberty Container Line, Inc., and A.P. MOLLER-MAERSK A/S, jointly and severally, on both causes of action, for the amount of plaintiff's damages, together with interest and costs and the disbursements of this action; and

4. That this Court will grant to plaintiff such other and further relief as may be just and proper.

Dated:      New York, New York
            March 20, 2008

                                    BADIAK & WILL, LLP
                                    Attorneys for Plaintiff,
                                    GREAT AMERICAN INSURANCE COMPANY

                                    By: _____
                                        JAMES P. KRAUZLIS (JK-4972)