378-07/WDM/DPM
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Defendant
A.P. Moller-Maersk A/S
80 Pine Street
New York, New York 10005
Tel.: 212-425-1900
Fax: 212-425-1901
Don P. Murnane, Jr. (DM 3639)
Wayne D. Meehan (WM 9102)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
GREAT AMERICAN INSURANCE COMPANY         ECF CASE
a/s/o SUNOPTA SUNFLOWER,
                                         08 Civ. 2947 (DLC)
                        Plaintiff,
                                         **DEFENDANT
         -against-                       A.P. MOLLER-MAERSK'S
                                         ANSWER TO COMPLAINT
LIBERTY CONTAINER LINE, INC., and A.P.   & CROSS-CLAIM**
MOLLER-MAERSK A/S trading as MAERSK
SEALAND,

                        Defendants.
-----------------------------------------------------------------x

Defendant, A.P. MOLLER-MAERSK A/S improperly claimed against herein as doing business under the trade name "MAERSK SEALAND", a defunct trade name (hereinafter "Maersk") by its attorneys, FREEHILL HOGAN & MAHAR, LLP, responds to the Complaint of Plaintiff GREAT AMERICAN INSURANCE COMPANY a/s/o SUNOPTA SUNFLOWER (hereinafter "Great Am") as follows:

1. Admits that Plaintiff's claim constitutes an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States and this Honorable Court, but except as so

specifically admitted, denies the remainder of the allegations of paragraph "1" of the Complaint.

2. Admits that Plaintiff Great Am maintains an office and place of business at 65 Broadway, 20th Floor, New York, New York, 10006, but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph "2" of the Complaint.

3. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "3" of the Complaint.

4. Admits that Defendant Liberty Container Line, Inc. maintains an office and place of business at 600 Inwood Avenue, Suite 160, Oakdale, MN 55128, but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph "4" of the Complaint.

5. Admits the allegations contained in paragraph "5" of the Complaint.

## AS FOR PLAINTIFF'S FIRST CAUSE OF ACTION

6. Admits that a shipment as described was delivered to the M.V. MAERSK MARYLAND, but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph "6" of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "7" of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "8" of the Complaint.

### AS FOR PLAINTIFF'S SECOND CAUSE OF ACTION

9. Defendant repeats and realleges the responses herein contained in paragraphs "1" through "8".

10. Admits that a shipment as described was delivered to the M.V. MAERSK MARYLAND, but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph "10" of the Complaint.

11. Denies the allegations contained in paragraph "11" of the Complaint.

12. Denies the allegations contained in paragraph "12" of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

Claimant is not the real party in interest or proper party to assert the claims set forth in the complaint.

### SECOND AFFIRMATIVE DEFENSE

The shipment described in the Complaint was received, loaded, carried, discharged and/or delivered subject to the terms, conditions, exceptions and limitations of certain dock receipts, bills of lading, tariffs, charters, and/or service contracts by which the shipper, owner, consignee and holders of said bills of lading are bound. Any loss, damage or shortage to the

goods, which is denied, was due to a cause or causes for which the Defendant Maersk is not liable by virtue of the terms of any such applicable dock receipts, bills of lading, tariffs, charters, and/or service contracts and Defendant Maersk is entitled to any and all defenses and rights provided for in same.

### THIRD AFFIRMATIVE DEFENSE

The shipment described in the Complaint were received, loaded, carried, discharged, and/or delivered subject to the terms, conditions, limitations, exceptions and exonerations of the United States Carriage of Goods by Sea Act ("COGSA"), Act, ch. 229, 49 Stat. 1207 (1936), formerly 46 U.S.C. §1300 *et seq.*, or other U.S. (federal or state) or foreign legislation pertinent to this carriage and/or the General Maritime Law and/or foreign law. If any loss, damage or shortage resulted to the goods, which is denied, it was due to a cause or causes for which Defendant Maersk is not liable by virtue of the terms of the aforementioned law and/or legislation, including but not limited to error in navigation or management defense.

### FOURTH AFFIRMATIVE DEFENSE

The liability of Defendant Maersk, if any and which is specifically denied, is limited by the applicable dock receipts, bills of lading, tariffs, charters, service contract, COGSA and/or any other U.S. (federal or state) or foreign law to an amount calculated on a per package, customary freight unit or other basis.

### FIFTH AFFIRMATIVE DEFENSE

Any loss or damage to the cargoes as alleged in the Complaint arose without Defendant Maersk's actual fault or privity and without fault or negligence of its agents or servants or anyone for whom it is responsible, and therefore, Defendant Maersk cannot have any liability for such loss or damage.

### SIXTH AFFIRMATIVE DEFENSE

Any loss or damage to the goods as alleged in the Complaint, which is denied, was caused by or contributed to by Plaintiff or its agent(s), contractor(s), partner(s) and/or other third-parties, and not by Defendant Maersk.

### SEVENTH AFFIRMATIVE DEFENSE

Any loss or damage to the cargo as alleged, which is denied, was caused in whole or in part by Plaintiff's or its agent(s)', contractor(s)' and/or partner(s)' breach of its obligations and duties under law and any applicable contract.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, as the conduct of Plaintiff, its agent(s), contractor(s) and/or partner(s) and/or the conduct of other parties, constitutes a superseding and/or intervening cause(s) with respect to Plaintiff's claims for damage or injury.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the applicable statute of limitations and/or the doctrine of laches.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant Maersk reserves the right to amend this Answer if and once additional information is obtained through discovery.

### TWELFTH AFFIRMATIVE DEFENSE

With respect to Plaintiff's "WHEREFORE" Clause 2 allegations concerning "attachment", Plaintiff has failed to assert any allegations in the Complaint to support a basis for the issuance of an attachment against Defendant Maersk's property within this District and any such attachment would be wrongful.

### CROSS-CLAIM AGAINST LIBERTY CONTAINER LINE, INC.

13.     Defendant Maersk repeats and realleges the responses herein contained in paragraphs "1" through "12".

14.     If any liability for the damage alleged in the Complaint is adjudged against and imposed upon Defendant Maersk, which liability is denied, it is entitled to full indemnity and/or contribution from co-defendant Liberty Container Line, Inc., together with costs and disbursements and reasonable attorneys' fees.

**WHEREFORE,** Defendant Maersk prays that the Court adjudge that it has no liability for any of the matters alleged in the Complaint and that the Complaint be dismissed in its

entirety with prejudice, together with an award of costs, disbursements and attorneys' fees. In the alternative, Defendant Maersk prays that its Cross-Claim against co-defendant Liberty Container Line, Inc. be granted and that Defendant Maersk be given judgment over and against co-defendant Liberty Container Line, Inc. for full indemnity to the extent of any liability of Defendant Maersk to the plaintiff or to the extent of any apportionment of liability of Defendant Maersk to the plaintiff, together with costs, disbursements and attorneys' fees. Finally, Defendant Maersk prays that the Court grant any such other or further relief that the Court deems just and proper.

Dated:   New York, New York
         July 7, 2008

                         FREEHILL HOGAN & MAHAR LLP
                         Attorneys for Defendant
                         A.P. MOLLER-MAERSK

By: _____
        Don P. Murnane, Jr. (DM 3639)
        Wayne D. Meehan (WD 9102)
        80 Pine Street
        New York, New York 10005-1759
        Tel: (212) 425-1900
        Fax: (212) 425-1901

## CERTIFICATE OF SERVICE

      I, DON P. MURNANE, certify that I am counsel of record for A.P. Moller-Maersk A/S. On July 7, 2008, the within Answer to Complaint & Cross-Claim was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

Dated:    New York, New York
              July 7, 2008

                                            Don P. Murnane, Jr.