Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete Documents

9167.SHV.JAD
CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York
212-344-7042

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY a/s/o SUNOPTA SUNFLOWER<br><br>Plaintiff<br><br>- Against -<br><br>LIBERTY CONTAINER LINE and A.P. MOLLER-MAERSK A/S trading as MAERSK SEALAND<br><br>Defendants | ECF CASE<br><br>08 CV 2947 (DLC)<br><br>DEFENDANT LIBERTY CONTAINER LINE'S ANSWER TO THE PLAINTIFF'S COMPLAINT AND CROSS CLAIM |

Globerunners, Inc. f/k/a Liberty Container Line (hereinafter referred to as "Liberty") by its attorneys, Cichanowicz, Callan, Keane Vengrow & Textor answer the plaintiff's, Great American Insurance Company a/s/o/ Sunopta Sunflower (hereinafter referred to as plaintiff), complaint upon information and belief, as follows:

1. Denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 1 of plaintiff's complaint.

2. Denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 2 of plaintiff's complaint.

3. Denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 3 of plaintiff's complaint.

4. Admits that Liberty was a corporation with an office and place of business at 600 Inwood Ave. N., Suite 160, Oakdale, MN 55128; except as so specifically admitted, Liberty denies the remaining allegations set forth in paragraph 4 of plaintiff's complaint.

5. Denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 5 of plaintiff's complaint.

## FIRST CAUSE OF ACTION

6. Liberty admits that on or about March 14, 2007, there was shipped by Sunopta Sunflower a shipper load and count (SLAC) container (no. PONU0225363) said to contain "sunflower kernels" aboard the M/M MAERSK MARYLAND v.0705 from Breckenridge, MN to Ashdod, Israel pursuant to all of the terms and conditions of Liberty Container Line Bill of Lading #LIB045921-01 and Maersk Bill of Lading #512328307; except as so specifically admitted, Liberty denies the remaining allegations set forth in paragraph 6 of plaintiff's complaint.

7. Denies all of the allegations set forth in paragraph 7 of plaintiff's complaint.

8. Denies all of the allegations set forth in paragraph 8 of plaintiff's complaint.

## SECOND CAUSE OF ACTION

9. Liberty repeats and realleges each and every each and every answer, denial, denial of knowledge and information in Paragraphs 1-8 above.

10. Liberty admits that on or about March 14, 2007, there was shipped by Sunopta Sunflower a shipper load and count (SLAC) container (no. PONU0225363) said to contain "sunflower kernels" aboard the M/M MAERSK MARYLAND v.0705 from Breckenridge, MN to Ashdod, Israel pursuant to all of the terms and conditions of Liberty Container Line Bill of Lading #LIB045921-01 and Maersk Bill of Lading



#512328307; except as so specifically admitted, Liberty denies the remaining allegations set forth in paragraph 10 of plaintiff's complaint.

11. Denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 11 of plaintiff's complaint.

12. Denies all of the allegations set forth in paragraph 12 of plaintiff's complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

13. The shipment in question was shipped aboard the M/V MAERSK MARYLAND v.0705 from a US Port to a foreign port pursuant to all of the terms and conditions of Liberty Container Line Bill of Lading #LIB045921-01 and Maersk Bill of Lading #512328307 and was therefore subject to the all of the provisions of the Carriage of Goods by Sea Act, ("COGSA") approved April 16, 1936, and/or Harter Act, and that any shortage, loss and/or damage to said shipment which Liberty specifically denies, was due to causes for which the defendant is not liable or responsible by virtue of all of the exceptions, exemptions and limitations of the aforementioned acts and the bill of lading contract terms and conditions, by which the shippers and consignees of said bills of lading agree to be and are bound.

### SECOND AFFIRMATIVE DEFENSE

14. Due diligence was exercised on the part of Liberty to make the vessel and its appurtenances seaworthy, and to make all other parts of the vessel in which goods are carried, fit and safe for their reception, carriage and preservation of said shipment.



### THIRD AFFIRMATIVE DEFENSE

15. That if the goods in suit were damaged, which is denied, the damage was proximately caused by insufficiency of packaging or inadequacy of marks, for which Liberty is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304 (2)(o) and (n), and by the terms of the contract of carriage.

### FOURTH AFFIRMATIVE DEFENSE

16. That if the goods in suit were damaged, which is denied, the damage was proximately caused by inherent vice, defect or quality of the goods in suit, for which Liberty is not liable under the Carriage of Goods By Sea Act, 46 U.S.C. Section 1304 (2)(m), and by the terms of the contract of carriage.

### FIFTH AFFIRMATIVE DEFENSE

17. Plaintiff has failed to properly and fully mitigate its damages in its Complaint.

### SIXTH AFFIRMATIVE DEFENSE

18. That if the goods in suit were damaged, which is denied, the damage was proximately caused by an act of omission of the shipper, for which Liberty is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304 (2)(i), and by the terms of the contract of carriage.

### SEVENTH AFFIRMATIVE DEFENSE

19. . This suit should be removed on the basis of forum non-conveniens.

### EIGHTH AFFIRMATIVE DEFENSE

20. Plaintiff has improperly and/or insufficiently served process upon Liberty, under Rule 12 (b)(4)(5) of the Federal Rules of Civil Procedure.



### NINTH AFFIRMATIVE DEFENSE

21. That if the goods in suit were lost and/or damaged, which is denied, the loss and/or damage was proximately caused by a Restraint of Princes and Act of Civil Strife, for which Liberty is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304 (2)(g) and (k) and by the terms of the contract of carriage.

### TENTH AFFIRMATIVE DEFENSE

22. That if the goods in suit were lost and/or damaged, which is denied, said loss and/or damage was caused in whole or in part by the contributory negligence of the plaintiff and/or its agents.

### ELEVENTH AFFIRMATIVE DEFENSE

23. This suit is time-barred under the agreed provisions of the billS of lading, and under the provisions of the Carriage of Goods by Sea Act, specifically, 46 U.S.C. Section 1303 (6).

### TWELFTH AFFIRMATIVE DEFENSE

24. That if plaintiff's cargo suffered any loss or damage, which Liberty denies, then such loss or damage resulted from a cause arising without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants or the carrier, and the carrier is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(Q).

### THIRTEENTH AFFIRMATIVE DEFENSE

25. Plaintiff has given the improper notice of the alleged loss or damage pursuant to the Carriage of Goods by Sea Act, Section 1303 (6), and is prima facie evidence of delivery by the carrier of the goods as described in the said bills of lading.


## FOURTEENTH AFFIRMATIVE DEFENSE

26. That if the goods in suit were damaged or lost, which is denied, the damage was proximately caused by plaintiffs failure to properly give written notice of the true character and value on the bills of lading for which the carrier is not liable under the Carriage of Goods by Sea, 46 U.S.C. Section 181, and by the terms of the contract of carriage.

## CROSS-CLAIM

### AS AND FOR THEIR CROSS-CLAIM AGAINST DEFENDANT MAERSK DEFENDANT LIBERTY ALLEGES AS FOLLOWS:

27. Repeats and realleges each and every admission, denial and denial of knowledge or information contained in Paragraphs 1-26 inclusive of this Answer, with the same force and effect as if herein set forth at length.

28. If there was any loss or damage to the shipment referred to in the Complaint, which is denied, and said loss of damage caused any liability to Defendant Liberty, then the said liability was brought about by Defendant Maersk's negligence and/or breach contract and/or breach of warranties, implied or expressed, and by reason thereof, Defendant Liberty is entitled to full indemnity and/or contribution from Defendant Maersk, for its loss and damage including reasonable counsel fees and expenses.

**WHEREFORE**, Defendant Liberty prays that the Complaint against it be dismissed, that its Cross Claim be granted and that the Court may grant such other or further relief as may be just and proper.



- 7 -

Dated: New York, New York
   July 10, 2008

              CICHANOWICZ, CALLAN, KEANE,
              VENGROW & TEXTOR, LLP

              By: s/Stephen Vengrow

               Stephen H. Vengrow (SHV/3479)
               CICHANOWICZ, CALLAN, KEANE,
               VENGROW & TEXTOR, LLP
               61 Broadway, Suite 3000
               New York, New York
               212-344-7042



- 8 -

## CERTIFICATE OF SERVICE BY ECF AND US MAIL

The undersigned declares under penalty of perjury that the following is true and correct.

1.   I am over the age of eighteen years and I am not a party to this action.

2.   On July 10, 2008, I served the following by ECF and US Mail a true and complete copy of Liberty Container Line's Answer to plaintiff's complaint with cross claim to the following party at:

    Badiak & Will, LLP
    106 Third Street
    Mineola, New York 11501-4404
    Ref: 07-A-009-JK
    *Attorneys for Plaintiff*

    Freehill Hogan and Mahar, LLP
    80 Pine Street
    New York, NY 10005
    Attention Don Murnane, Jr. Esq.
    *Attorneys for Maersk*

DATED:   New York, New York
           July 10, 2008

                                        s/ Jessica De Vivo
                                  Jessica A. De Vivo (JAD6588)